IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02039-MSK
Criminal Action No. 00-cr-00439-MSK-MEH-4

CHRISTOPHER HOLYFIELD,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

---

**RECOMMENDATION ON PETITIONER CHRISTOPHER HOLYFIELD'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Pending before the Court is Petitioner Christopher Holyfield's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [filed September 22, 2008; docket #1854].  Pursuant to 28 U.S.C. § 636(b) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation.  (Docket #1859.)  The motion is briefed, and oral argument would not materially assist the Court in its adjudication.  For the reasons stated herein, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**.[1]

---

     [1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party

1

## I.     Background

Petitioner Christopher Holyfield is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary high security facility in Florence, Colorado.[2]  On December 15, 2003, in the United States District Court for the District of Colorado, a jury convicted Petitioner of conspiring to distribute and possessing with intent to distribute over fifty grams of cocaine base, in violation of Sections 841(a)(1) and 846 of 21 U.S.C.  (Docket #1854 at 1; docket #1858 at 4.)  On June 21, 2005, the District Court sentenced Petitioner to life imprisonment pursuant to the mandatory minimum sentencing provisions established by Sections 841(b)(1)(A) and 851 of 21 U.S.C. ("Section 841" and "Section 851" as stated herein).  (Docket #1858-2 at 1, 61.)

Petitioner appealed his sentence to the Tenth Circuit, which affirmed the sentencing court on April 3, 2007.  *United States v. Holyfield*, 481 F.3d 1260 (10th Cir. 2007).  Petitioner requested a writ of certiorari from the United States Supreme Court to review the Tenth Circuit's holding, which the Supreme Court denied on October 9, 2007.  *Holyfield v. United States*, No. 07-301, 128 S. Ct. 415 (Oct. 9, 2007).  The same counsel, Beth Krulewitch, represented Petitioner for both the Tenth Circuit appeal and petition for writ of certiorari.  Ms. Krulewitch did not represent Petitioner during his trial proceedings.  (*See* docket #1855 at 31.)

---

from a <u>de novo</u> determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]The Court confirmed Applicant's location on September 21, 2009, through the BOP Inmate Locator website *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

Petitioner initiated the present action by filing *pro se* this Motion under Section 2255 of 28 U.S.C. on September 22, 2008, within the one-year statutory limit.  (Docket #1854.)   The government submitted a response as ordered by the Court on November 17, 2008, and the Motion was referred to this Court on November 18, 2008.  (Dockets #1858, 1859.)  Petitioner presents five bases for his requested relief and asks this Court to vacate the sentence of life imprisonment and to resentence him without consideration of the Sections 841 and 851 "enhancement."  (Docket #1854 at 13.)

First, Petitioner contends his "prior state offense did not qualify for enhancement purposes." (Docket #1854 at 4.)  Second, Petitioner believes the "erroneous" sentence of life imprisonment "affected his substantial rights."  (*Id*. at 5.)  Third, Petitioner asserts he is "actually innocent of the prerequisite for enhancement."  (*Id*. at 7.)  Fourth, Petitioner represents he "received ineffective assistance of counsel on appeal."  (*Id*. at 8.)  Last, Petitioner charges the District Court "erred in holding that Petitioner was foreclosed from challenging the legal effect of the prior conviction."  (*Id*. at 10.)  Petitioner submitted an extensive "Memorandum of Law" further explaining his stated grounds for resentencing.  (Docket #1855.)

In its Response, the government describes how it provided the proper Notice to Applicant pursuant to Section 851(a) before the June 21, 2005 sentencing, articulating its intent to seek a life sentence under Section 841 due to Petitioner's two prior felony drug convictions.[3]  The government

---

[3]In pertinent part, Section 841(b)(1)(A) of 21 U.S.C. states:

If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.  21 U.S.C. § 841(b)(1)(A) (West 2009).

alleged Petitioner was convicted of "Transportation of a Controlled Substance" in 1993 and of "Possession of Marijuana for Sale" in 1998, both in California state court. (Docket #1858 at 4-5.) Before sentencing, Petitioner submitted six objections to the government's notice that it was seeking life imprisonment, titled as follows: 1) violation of Section 846 did not occur after two prior convictions had become final; 2) factors supporting sentence enhancement must be pled and proven to a jury beyond a reasonable doubt; 3) convictions were obtained in violation of the Constitution and may not be relied upon for sentencing enhancement; 4) imposition of extreme and grossly disproportionate mandatory life sentence with no possibility of release would violate the Eighth Amendment prohibition against cruel and unusual punishment; 5) government's seeking life sentence with no possibility of release was vindictive, retaliatory and violated due process; and 6) selective imposition of life sentence premised on government's suspicion that Defendant committed murder would be invidious and violate Equal Protection. (Docket #1854-6 at 3.)

The sentencing court "held six hearings over a six-month period on the § 851 issue," that is, whether the statutory scheme indeed mandated life imprisonment in Petitioner's underlying criminal case. (*Id*. at 10.) Ultimately, the sentencing court overruled Petitioner's objections on May 24, 2005, determined the two prior convictions identified by the government constituted prior final felony drug convictions, and sentenced Petitioner to the statutory mandatory minimum life sentence.[4] (*Id*. at 23.)

---

[4]Petitioner refers to the mandatory minimum as a sentence "enhancement" throughout his appellate pleadings and this habeas petition. The Tenth Circuit, in deciding Petitioner's direct appeal, explicitly addressed this issue and concluded, "discussing the prior convictions component of § 841(b) as a mandatory minimum rather than as an enhancement is more precise since it follows the language of the statute." *Holyfield*, 481 F.3d at 1261. Accordingly, this Court also utilizes the term "mandatory minimum."

4

## II.        Direct Appeal

In his appeal to the Tenth Circuit, Petitioner asserted the mandatory minimum life sentence imposed by the sentencing court violated his Sixth Amendment right to trial by jury, as the District Court, not a jury, determined his prior convictions for sentencing purposes.  Brief of Petitioner-Appellant at 10, *United States v. Holyfield*, 481 F.3d 1260, 2006 WL 3670522 (10th Cir. Oct. 12, 2006).  In support of this primary contention, Petitioner restated the six objections made at the trial level regarding the sentencing pursuant to Sections 841 and 851.  *Id*. at 12-13.  Petitioner most emphasized the objection premised on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), arguing particularly where a prior conviction "overlaps" with the offense being sentenced, such determination requires additional fact finding taking it out of the hands of the court and properly to the jury.  *Id*.  Petitioner contended that "where the date of a prior conviction overlaps with the presenting offense, additional factual findings are required to determine the propriety of enhancing a sentence based upon such 'prior' conviction."  *Id*. at 15.  According to Petitioner, the "critical inquiry" regarding this issue is "the degree of criminal activity that occurs after the 'prior' conviction becomes final."  *Id*. at 16.  Petitioner asserted that the sentencing court could not determine that the 1998 conviction was separate from the presenting offense "without the trial court finding facts pertaining to [Petitioner's] conduct after the conviction became final."  *Id*. at 17.

Petitioner attempted to discredit the witnesses heard by the trial court by describing them as "witnesses who were addicted to crack cocaine, or witnesses who were cooperating with the government."  *Id*. at 17-18.  Petitioner emphasized that these witnesses also testified against him on the murder charge related to the drug conspiracy, of which the jury found Petitioner not guilty.  Petitioner believed that the trial court's findings "regarding the degree to which [Petitioner] engaged

in criminal conduct after his 1998 marijuana conviction" were based on testimony by witnesses who the jury had previously rejected, thus demonstrating "second guessing of a jury's verdict" in violation of the Sixth Amendment. *Id*. at 18.

In the Background articulated by the Tenth Circuit in its adjudication of Petitioner's direct appeal, the court reiterated the facts of Petitioner's two prior convictions, including that both were the result of guilty pleas in California state court, one on August 18, 1993, for transporting cocaine, and the second on July 13, 1998, for possession of marijuana for sale. *Holyfield*, 481 F.3d at 1261. The court described how the presenting offense's facts "ran from October of 1996 through September of 2000, thus overlapping in part with the 1998 charges." *Id*. Pursuant to the issues raised in Petitioner's appellate briefing, the court analyzed whether the mandatory minimum sentencing imposed by the District Court violated *Apprendi*. *Id*.

The Tenth Circuit stated that Supreme Court precedent precluded Petitioner's appeal because "[t]he Sixth Amendment is not violated where a judge determines the existence of prior violations." *Id*. *See also United States v. Garner*, 223 F. App'x 792, 797 (10th Cir. 2007) (stating "it is well established that 'the fact of a prior conviction may be found by a sentencing judge'") (citing *United States v. Stiger*, 413 F.3d 1185, 1191, 1192 (10th Cir. 2005)). This statement follows the Supreme Court's determination in *Almendarez-Torres v. United States*, that the existence of a prior conviction is a factor for sentencing and thus, is appropriately determined by the sentencing judge. 523 U.S. 224, 247 (1998). The Tenth Circuit further determined that application of *Apprendi* would not prompt a different conclusion, for at least two reasons.[5] First, the *Apprendi* Court established that

---

[5]The *Apprendi* Court held that "the Sixth Amendment requires the government to submit to a jury facts which increase a crime's penalty beyond the statutory maximum to avoid a Sixth Amendment violation." *Holyfield*, 481 F.3d at 1261-62 (citing *Apprendi*, 530 U.S. at 490).

"judicial fact-finding" may be utilized "solely to establish a prior conviction." *Holyfield*, 481 F.3d at 1262 (citing *Apprendi*, 530 U.S. at 489-90). Furthermore, the *Apprendi* rule applies to increasing "a crime's penalty beyond the statutory maximum." *Id*. The Tenth Circuit determined Petitioner's sentence indeed fell within the statutory range established for his crime, therefore not exceeding the statutory maximum and in turn, not invoking the *Apprendi* rule.[6]

In support of this conclusion, the Tenth Circuit relied on the Supreme Court's holding in *Harris v. United States*, 536 U.S. 545 (2002). The *Harris* Court held that "judicial fact-finding leading to a mandatory minimum sentence is permissible as long as the mandatory minimum sentence does not exceed the maximum sentence available under the jury's verdict." *Holyfield*, 481 F.3d at 1262 (citing *Harris*, 536 U.S. at 567-68). Accordingly, the Tenth Circuit held that Petitioner's two prior convictions "set his mandatory minimum equal to the statutory maximum - life in prison - but did not push the sentence beyond that maximum."[7] *Id*. at 1263. Therefore, the Tenth Circuit found the sentencing court did not "run afoul" of the Sixth Amendment and affirmed Petitioner's mandatory minimum sentence of life imprisonment. *Id*.

Notably, Petitioner requested the Tenth Circuit to extend the reasoning expounded by the Supreme Court in *Shepard*, which alluded to the Supreme Court's interest in reconsidering its 1998 ruling articulating the appropriate determination of the "fact" of a prior conviction by a judge. Brief

---

[6]Regarding his argument that the 1998 prior conviction impermissibly overlapped with the offense at hand for mandatory minimum sentencing purposes, Petitioner sought the Tenth Circuit to find such overlap implicated the finding of additional facts which is appropriate for a jury, not the sentencing court. However, because the facts of Petitioner's sentencing failed to invoke *Apprendi*, the Tenth Circuit declined to review the "overlapping" nature of his 1998 prior conviction. *See Holyfield*, 481 F.3d at 1262.

[7]21 U.S.C. § 841(b)(1)(A) establishes a statutory range of sentencing applicable to the quantity of crack cocaine involved in Petitioner's offense at ten years to life in prison.

of Petitioner-Appellant at 14-15, *Holyfield*, 2006 WL 3670522 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).   However, the Tenth Circuit declined to affirm such request, quoting "unless and until the Supreme Court determines otherwise, we will continue to follow applicable precedent."  *Holyfield*, 481 F.3d at 1262 (citations omitted).

## III.   Legal Standard

Section 2255 of 28 U.S.C. applies to requests seeking to vacate, set aside, or correct a federal sentence.   A Section 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence."   *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).   "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."   *Id.* (citing *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)).   "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."   *Id.*   Other than claims for ineffective assistance of counsel, petitioners may not raise issues that have been considered and disposed of on direct appeal in a motion to vacate pursuant to Section 2255.   *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).   *See also Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in the law of the circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack).

As Petitioner proceeds *pro se*, the Court construes his "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.   [The] court, however, will not

supply additional factual allegations to round out a [petitioner's pleading] or construct a legal theory on [a petitioner's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Tenth Circuit qualifies this interpretation in that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id*.

IV.     **Analysis**

A.     ***Cause and Prejudice Excusing Procedural Default***

In his supporting Memorandum, Petitioner asserts he did not raise these claims on direct appeal "because the facts set forth herein were and are material to the claim of Ineffective Assistance of Counsel on Appeal."  (Docket #1855 at 13.)  As stated, Section 2255 does not afford petitioners a means of testing the legality of matters that should have been raised on direct appeal.  *Warner*, 23 F.3d at 291 (citing *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir. 1993)).  A petitioner's failure to present an issue on direct appeal bars him from raising the issue in his Section 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *United States v. Hollis*, 552 F.3d 1191, 1193-94 (10th Cir. 2009) (citing *United States v. Bolden*, 472 F.3d 750, 751-52 (10th Cir. 2006) (cert. denied)).  *See United States v. Frady,* 456 U.S. 152, 167-168 (1982).  *See also Cook*, 997 F.2d at 1320.

9

To show "cause" excusing procedural default, Petitioner must demonstrate that an objective factor external to the defense impeded his ability to directly appeal. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). For example, "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Id.* (internal quotation and citations omitted). In addition, attorney error amounting to constitutionally ineffective assistance of counsel may constitute an excusable "cause" of procedural default. *United States v. Ellis,* 298 F. App'x 752, 754 (10th Cir. 2008) (citing *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000)). When assessing whether a party has established cause, the court may examine only that party's recited reasons for not appealing and may not speculate about other possible explanations. *Williams v. United States,* 805 F.2d 1301, 1304 (7th Cir. 1986).

To show "actual prejudice" excusing procedural default, Petitioner must demonstrate that he was denied "fundamental fairness," *Murray,* 477 U.S. at 494, or that, but for the error, he "might not have been convicted." *Reed v. Ross,* 468 U.S. 1, 12 (1984). The "miscarriage of justice" exception to the cause and prejudice test is narrow. Only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, [may] a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496.

Petitioner proffers one ground for cause in this matter. Petitioner states, "[e]ach of the substantive claims presented herein were preserved by trial counsel and made part of the record for direct appeal, yet appellate counsel failed to raise these issues before the Court of Appeals." (Docket #1855 at 13.) Petitioner relies on the 1995 Tenth Circuit case, *United States v. Galloway*,

which established the rule in this Circuit that "claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." (*Id.* (citing 56 F.3d 1239, 1242 (10th Cir. 1995)).) Moreover, "[a] meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). Thus, in order for the Court to find cause and prejudice excusing Petitioner's failure to bring the four non-ineffective assistance of counsel claims, the Court must evaluate whether Petitioner's appellate counsel erred to the extent constituting ineffective assistance of counsel.

## B.      *Ineffective Assistance of Counsel*

To support a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) such deficient performance prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A demonstration of prejudice requires a showing of a reasonable probability that, but for counsel's deficient performance, defendant would have received a different sentence." *Hollis*, 552 F.3d at 1194 (citing *Strickland*, 466 U.S. at 694). Most pertinent for the matter at hand, "when a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, [the Court must] examine the merits of the omitted issue." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Because the crux of the petition in this matter is that "appellate counsel failed to raise these issues before the Court of Appeals," the Court now proceeds to evaluate the merits of Petitioner's claims.

## V.      Merits

### A.      Claim One: "Movant's Prior State Offenses do not Legally Qualify as Statutory Predicate Felony Drug Convictions for Enhancement Purposes"

Petitioner believes that the 1993 conviction was not a felony drug conviction, and both his 1993 and 1998 California convictions are not final convictions, as required by the mandatory minimum sentencing provision in Section 841.[8]   The sentencing court addressed Petitioner's objections at the trial level and found that the statute of limitations in Section 851(e) of 21 U.S.C. precluded Petitioner's objections to the 1993 conviction.   Regarding the 1998 conviction, the sentencing court found, after reviewing the evidence and testimony from "six hearings over a six-month period on the § 851 issue," that Petitioner did not meet "his burden of proving by a preponderance of the evidence that his July 1998 conviction was unconstitutional." (Docket #1854-6 at 23.)

In evaluating Petitioner's 1993 conviction challenge, this Court agrees with the District Court's conclusion.  Section 851(e) bars a defendant from challenging the validity of a prior felony conviction relied upon by the sentencing court in determining the mandatory minimum sentence if such conviction "occurred more than five years before the date of the information alleging such prior conviction."   Absent an assertion that such conviction was obtained in violation of the right to counsel, which Petitioner does not presently raise nor was such objection preserved during sentencing regarding the 1993 conviction, "the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *Daniels v. United States*, 532 U.S. 374, 382

---

[8]*See* statute cited *supra* note 3.

(2001).[9]  *See, e.g.*, *United States v. Woolsey*, 535 F.3d 540, 550 (7th Cir. 2008); *United States v. Henderson*, 320 F.3d 92, 104 (1st Cir. 2003) (citations omitted); *United States v. Green*, 175 F.3d 822, 835 n.7 (10th Cir. 1999) (reiterating "plain language of 21 U.S.C. § 851(e)").

The government presented its information alleging Petitioner's prior convictions for sentencing purposes on June 27, 2001. (Docket #1854-6 at 2.) The sentencing court determined that pursuant to Section 851(e), "only convictions after June 27, 1996 could be challenged by Defendant." (*Id*. at 10.) As Petitioner was convicted on August 18, 1993, in California for transportation of cocaine, such conviction predated June 27, 1996, and Petitioner's challenge was, and is, precluded by Section 851(e). *See Holyfield*, 481 F.3d at 1261 (confirming Petitioner's 1993 conviction resulting from his guilty plea in California state court on August 18, 1993). Thus, the sentencing court properly included Petitioner's 1993 conviction as a final, prior felony drug conviction.[10]

The Court's evaluation of Petitioner's challenge to his 1998 conviction requires more analysis. Petitioner emphasizes that his first objection to the mandatory minimum sentencing actually contested the finality of the conviction, not just the *Apprendi* issue which he believes the sentencing court focused on exclusively. (Docket #1855 at 23.) The guilty plea entered by Petitioner in the California Superior Court on July 13, 1998, indicates the imposition of the sentence

---

[9]The *Daniels* Court relied on its previous jurisprudence in *Custis v. United States*, 511 U.S. 485 (1994). Both *Daniels* and *Custis* examined Section 924(3)(1) of 18 U.S.C., which provides "no statutory right to collaterally challenge state court convictions that are used to enhance federal sentences under the Armed Career Criminal Act of 1984." *Henderson*, 320 F.3d at 104. Other circuits have analogized the *Daniels* and *Custis* Courts' reasoning with evaluations of Section 851(e). *E.g*., *Henderson*, 320 F.3d at 104; *United States v. Arango-Montoya*, 61 F.3d 1331, 1338 (7th Cir. 1995).

[10]*See also* discussion *infra* Part V.E.

in that matter was suspended, and Petitioner was placed on probation for three years, ordered to spend 270 days in county jail and pay $200 in restitution.  (Docket #1854-8 at 4.)  Petitioner contends first that because the imposition of the 1998 sentence was suspended, there was "no judgment of conviction entered by the California Superior Court" and thus, no final conviction. (Docket #1855 at 23.)  Second, in the alternative, Petitioner believes "any claim of finality that could be advanced by the government clearly did not attach until January 3, 2001," when the California court entered a revocation of probation, and the 1998 conviction was not final when Petitioner committed the instant offense.  (*Id*. at 24.)  For the reasons explained below, the Court now plainly concludes that the 1998 conviction also constitutes a final, prior felony drug conviction for the purposes of mandatory minimum sentencing under Section 841.

Federal law, not state law, governs the determination of a final conviction for purposes of sentencing pursuant to Section 841(b)(1)(A).  *United States v. Short*, 947 F.2d 1445, 1460 (10th Cir. 1991) (citing *United States v. Morales,* 854 F.2d 65, 68 (5th Cir. 1988)).  *See also United States v. Ramon-Rodriguez*, 492 F.3d 930, 939-940 (8th Cir. 2007) (citations omitted) (holding that the *Ramon-Rodriguez* defendant's California sentence of probation and a suspended sentence qualified as a final conviction under Section 841).  The Tenth Circuit held that "a sentence is final for purposes of § 841 when the conviction is no longer subject to examination on direct appeal, (citation omitted), or when reduction to a misdemeanor through the revocation of probation is no longer possible."  *Short*, 947 F.2d at 1460 (citing *Morales,* 854 F.2d at 69).[11]  *See also United States v.*

---

[11]The final conviction language of § 841 means "a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."  *Morales*, 854 F.2d at 68-69.

*Maxon*, 339 F.3d 656 (8th Cir. 2003) (although state-imposed probation had not been completed when the defendant committed the federal drug offense, the court determined the prior state conviction was final because defendant had been sentenced by the state and the time period to appeal such sentencing had expired); *United States v. Howard*, 115 F.3d 1151 (4th Cir. 1997) (determined finality of state drug conviction when the time to filed direct appeal expired).

As Petitioner was sentenced in California state court, the California rules governing appeal of criminal matters inform the question of when Petitioner's 1998 conviction became no longer subject to examination on direct appeal.[12] *See, e.g., Short*, 947 F.2d at 1460 (applying Utah Rules of Criminal Procedure to conclude "Defendant's Utah felony conviction was final since his time for appealing that conviction was expired"). Section 1237 of the California Penal Code allows that an appeal may be taken by a criminal defendant "from a final judgment of conviction." This section further provides that "an order granting probation . . . shall be deemed to be a final judgment within the meaning of this section." West's Ann. Cal. Penal Code § 1237 (West 2009). California state courts interpret this section to mean that "[a]n order granting probation and imposing sentence, the execution of which is suspended, is an appealable order." *People v. Ramirez*, 72 Cal. Rptr. 3d 340, 345 (Cal. App. 2008) (citations omitted). Most applicable to the matter at hand,

> when a court imposes sentence but suspends its execution at the time probation is granted, a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. *People v. Amons*, 22 Cal. Rptr. 3d 908, 917-18 (Cal. App. 2005). If the defendant allows the time for appeal to lapse during the

---

[12]As stated, the Tenth Circuit held that "a sentence is final for purposes of § 841 when the conviction is no longer subject to examination on direct appeal, (citation omitted), or when reduction to a misdemeanor through the revocation of probation is no longer possible." Neither Petitioner nor Respondent argues the latter part of the test, thus, the Court evaluates the finality of the 1998 conviction in terms of when the conviction was no longer subject to examination on direct appeal.

probationary period, the sentence becomes final and unappealable.  *Id.*  This is so regardless of the fact the defendant will not serve the sentence unless the court revokes and terminates probation before the probationary period expires.

*Ramirez*, 72 Cal. Rptr. 3d at 345.  *See also People v. Mower*, 49 P.3d 1067, 1072 n.3 (Cal. 2002) (stating an order suspending imposition of sentence and placing defendant on probation is deemed a judgment for the limited purpose of appeal).  Thus, the California Superior Court's order issued July 13, 1998 which suspended the imposition of a sentence but placed Petitioner on three years supervised probation constituted a criminal judgment for the limited purpose of appeal.  (Docket #1886-3 at 7.)

Rule 8.308 of the California Rules of the Court requires that a notice of criminal appeal be filed within 60 days "after the rendition of the judgment or the making of the order being appealed."[13]  Accordingly, Petitioner had to have filed notice of appeal of the order imposing probation on or before September 11, 1998.[14]  Nothing in the criminal docket indicates Petitioner appealed this order of probation, therefore, the 1998 conviction became final within the meaning contemplated by Section 841 on September 13, 1998.[15]

---

[13]When Petitioner was convicted in 1998, this rule was cited as CA ST A Rule 30.1. Respondent accurately explains the previous numbering for this rule, and that the 60-day provision governed Petitioner's appeal at that time.  (*See* docket #1886 at 9 n.4.)

[14]Because the 1998 conviction followed a plea of guilty by Petitioner, Respondent correctly points out that California Penal Code Section 1237.5 implicates further restrictions on Petitioner's ability to appeal, as Section 1237.5 requires a defendant who pled guilty to file a written statement with the sentencing trial court, which then must execute and file a certificate of probable cause supporting the appeal.  West's Ann. Cal. Penal Code § 1237.5 (West 2009). There is no indication on the record of any appeal initiated by Petitioner regarding the 1998 conviction.

[15]Additionally, at a hearing before the federal sentencing court in the presently contested proceedings, the District Court heard testimony from David Petelo, the deputy probation officer assigned to supervise Petitioner during his term of probation arising from the 1998 conviction. On direct examination, Officer Petelo testified that the docket report of Petitioner's 1998

To briefly summarize, as stated by Tenth Circuit precedent controlling this proceeding, federal law governs questions of finality for purposes of sentencing under Section 841. In this matter, finality of Petitioner's 1998 conviction attached when the time to directly appeal such conviction expired. In California, where Petitioner was convicted, an order of probation and a suspended sentence constitutes an appealable judgment. As Petitioner's 1998 conviction sustained an order of probation and a suspended sentence, the general 60-day time frame to appeal the criminal judgment applied, in addition to the extra requirements stated in Section 1237.5 of the California Penal Code. Therefore, for purposes of this evaluation, the 1998 conviction, although a suspended sentence, became final on September 13, 1998, after the time for direct examination on appeal of the order expired.

To ensure a thorough and efficient review, the Court proceeds to address whether Petitioner's 1998 conviction may properly be considered for the purposes of mandatory minimum sentencing as final, due to its "overlap" with the criminal activity giving rise to the instant offense.[16] The Tenth Circuit confirmed that "the conspiracy charged in [Petitioner's] federal case ran from October of 1996 through September of 2000, thus overlapping in part with the 1998 charges." As described, Petitioner's 1998 conviction became final on September 13, 1998, which was within the time frame established by the Tenth Circuit applicable to the sentence now reviewed.

The sentencing court directly addressed the question of "overlap" when it considered Petitioner's original six objections to the imposition of the mandatory minimum sentence. (Docket

---

criminal case did not indicate an appeal was taken, nor any other attack on the finality of the judgment. (Docket #1886-2 at 83.)

[16]As stated previously *supra* note 6, the Tenth Circuit declined to address the question of overlap raised in Petitioner's direct appeal.

#1854-6 at 8.)  The sentencing court described Petitioner's situation "in which he had a conviction which technically falls within the dates of the conspiracy alleged in the indictment," as "far from [ ] unusual . . . ." (*Id.*)  The court relied on *United States v. Pace*, 981 F.2d 1123 (10th Cir. 1992), *abrogated on other grounds by United States v. Bell*, 154 F.3d 1205 (10th Cir. 1998).  In *Pace*, the Tenth Circuit considered whether separate substantive counts that were prosecuted in a single case with a single indictment constituted "two or more prior convictions for a felony drug offense." (Docket #1854-6 at 9.)  The *Pace* Court established that the proper inquiry in evaluating the final, prior conviction requirement is whether the prior offenses constituted "separate criminal episodes or a single act of criminality." *Pace*, 981 F.2d at 1132.  The *Pace* Court concluded that the separate counts indeed constituted "two or more prior convictions," even though prosecuted in one case, because the "prior substantive offenses constitute[d] separate 'criminal episodes that occurred at distinct times.'"[17] *Id.*

In this matter, the Court agrees with the sentencing court's conclusion of "no hesitation in finding [Petitioner's] 1998 California conviction was separate from his acts in Pueblo after that conviction."  (Docket #1854-6 at 9.)  Petitioner's 1998 conviction for a marijuana offense in California became final during the initial period of criminal activity in Colorado providing the basis for the sentence he now serves.  Consistent with the Tenth Circuit's adopted test regarding finality of convictions "overlapping" with charged conspiracy, Petitioner's 1998 conviction constitutes a

_____

[17]Persuasively, the Fourth Circuit explicitly adheres to its conclusion that "[w]hen a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior drug felony convictions that fall within the conspiracy period may be used to enhance a defendant's sentence if the conspiracy continued after his earlier convictions were final." *United States v. Moore*, 305 F. App'x 130, 134 (4th Cir. 2008) (citing *United States v. Smith*, 451 F.3d 209, 224-25 (4th Cir. 2006)).

separate criminal episode distinct from the drug conspiracy for which he received the mandatory minimum life sentence at issue.  Therefore, the sentencing court properly included Petitioner's 1998 conviction as a final, prior felony drug conviction.  Accordingly, the Court finds Petitioner's Claim One lacks merit and should be DENIED, as Petitioner's 1993 and 1998 state offenses legally qualify as two prior, final felony drug convictions within the meaning of Section 841.

> **B.**    **Claim Two: "The District Court Erroneous Sentencing of the Movant Affected His Substantial Rights"**

Petitioner premises Claim Two on his contention that the sentencing court erroneously relied on Petitioner's 1993 and 1998 prior convictions.  As described in the Court's analysis of Petitioner's Claim One, such assertion lacks merit and provides no basis for relief.

Petitioner further argues that although Section 841 allows a maximum sentencing of life imprisonment, he "had an expectation that the court would consider the guideline range."  (Docket #1855 at 26.)  Petitioner believes that the maximum sentence under the sentencing guidelines would have been 188 months, which is substantially less than the mandatory minimum pursuant to statute.  (*Id*. at 25.)  However, "[Petitioner's] argument that the guideline range rather than the statutory minimum should have determined his sentence is answered by the guidelines themselves."  *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).  The sentencing guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S. Sentencing Guidelines § 5G1.1(b) (July 2009).  Additionally, the Tenth Circuit has "repeatedly recognized the obvious rule that statutes trump the guidelines when the two conflict."  *Allen*, 16 F.3d at 379 (citations omitted).

In further support of Claim Two, Petitioner invokes *United States v. Booker*, 543 U.S. 220 (2005) (holding in part that federal sentencing guidelines are subject to jury trial requirements of the Sixth Amendment). However, the *Booker* Court emphasized that it has

> never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

543 U.S. at 233 (citing *Apprendi*, 530 U.S. at 481; *Williams v. New York*, 337 U.S. 241, 246 (1949)). Moreover, to the extent Petitioner reiterates the *Apprendi*-based argument raised in his direct appeal, it is well settled in this Circuit that "absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to 2255." *E.g.*, *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

As previously described regarding Petitioner's direct appeal, the Tenth Circuit held that Petitioner's two prior convictions "set his mandatory minimum equal to the statutory maximum - life in prison - but did not push the sentence beyond that maximum."[18] *Holyfield*, 481 F.3d at 1263. Therefore, not only is the contested sentence within the statutory framework and discretion of the sentencing court, consistent with *Booker*, but also Petitioner's Claim Two was, in essence, reviewed and denied by the Tenth Circuit in his direct appeal, thereby precluding reconsideration by collateral attack. Thus, for the reasons stated above, the Court finds Petitioner's Claim Two lacks merit and should be DENIED.

---

[18] 21 U.S.C. § 841(b)(1)(A) establishes a statutory range of sentencing applicable to the quantity of crack cocaine involved in Petitioner's offense at ten years to life in prison.

**C.      Claim Three: "Movant is Actually Innocent of the Prerequisite for the Imposition of the Following Enhancements"**

Petitioner divides Claim Three into two subsections.   First, Petitioner reiterates his contention that "the district court unlawfully and without proper jurisdiction, sentenced him to a mandatory life sentence . . . when it used prior California state convictions that clearly fell short" of Section 841's finality requirement.  (Docket #1855 at 27.)  The Court addressed this argument in full in its evaluation of Petitioner's Claims One and Two and found it meritless.

Second, Petitioner attempts to boost his primary assertion that the prior convictions do not satisfy Section 841 by alleging the Presentence Report ("PSR") relied on by the sentencing court improperly classified Petitioner as a "Career Offender" due to the erroneous inclusion of the 1993 conviction "as a predicate conviction for Career Offender purposes."   (Docket #1855 at 29.) Respondent contends this argument is moot, because the District Court sentenced Petitioner pursuant to Section 841, not under the sentencing guidelines.  (Docket #1858 at 27.)  For the following reasons, the Court agrees with Respondent.

At the sentencing hearing, the District Court referred to its earlier order that directly addressed Petitioner's raised objection contesting the "two or more prior convictions for drug offenses not having been final at the time of the matters at issue." (Docket #1858-2 at 10.)  Also at the sentencing hearing, as evidenced by the discussion on the transcript, the District Court addressed Petitioner's objections directed toward sentencing pursuant to the guidelines, rather than as a statutory matter.  (*Id*. at 17-23.)  Petitioner's counsel at that time engaged in lengthy discussion with the District Court about how the court intended to address the guidelines-based objections for preservation in the record, even though the court previously established it would statutorily sentence Petitioner pursuant to Section 841.  (*Id*. at 22.)  During this discussion, counsel and the court

21

referred to the court's finding laid out in its May 24, 2005, order, that "the Court must proceed to sentence [Petitioner] pursuant to 21 U.S.C. § 841(b)." (Docket #1854-6 at 23.) Therefore, the second part of Petitioner's Claim Three is moot, as the District Court imposed a statutory sentence rather than a guideline-based calculation.[19] Thus, the Court finds Petitioner's Claim Three lacks merit and should be DENIED.

### D. Claim Four: "Movant Holyfield was Denied his Sixth Amendment Right to the Effective Assistance of Counsel on Direct Appeal"

As previously described, to support a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) such performance prejudiced Petitioner. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying the standard for ineffective assistance of trial counsel enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) to ineffective assistance of appellate counsel). In order to properly evaluate ineffective assistance of appellate counsel in the Tenth Circuit, the Court looks to the merits of the omitted issue giving rise to the claim. *Smith v. Workman*, 550 F.3d 1258, 1268 (10th Cir. 2008) (citations omitted). Appellate counsel need not raise meritless issues, but should not omit "plainly meritorious" claims. *Id.* (citation omitted). "Petitioner must show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" *Id.* (quoting *Neill v. Gibson*, 278 F.3d 1044, 1057 & n.5 (10th Cir. 2001)).

The crux of Petitioner's Fourth Claim rests on his assertion that his appellate counsel failed to argue a "dead-bang winner," in that the 1993 and 1998 California convictions did not constitute prior and final felony drug convictions as required by statute. (Docket #1855 at 33 (citing *Walker*

---

[19]*See also* discussion *infra* Part V.B.

*v. Gibson*, 228 F.3d 1217, 1237 (10th Cir. 2000) (citation omitted)).)  However, in *Neill v. Gibson*, the Tenth Circuit expressly disavowed the "dead-bang winner" language because such language implies "requiring a showing more onerous than a reasonable probability that the omitted claim would have resulted in a reversal on appeal."  278 F.3d at 1057 n.5.  As this Court determined Petitioner's arguments against reliance on his 1993 and 1998 convictions for sentencing purposes lack merit, no reasonable probability exists that raising these claims on his direct appeal would have resulted in a conclusion other than the affirmation of the sentencing court.  Thus, Petitioner's appellate counsel was not objectively unreasonable by failing to raise meritless claims.  Petitioner's Claim Four provides no basis for relief and should be DENIED.

>    **E.**     ***Claim Five: "The District Court Erred in Holding that Movant was Foreclosed from Challenging the Legal Effect of the Prior Conviction for Purpose of Sentencing"***

Petitioner's Claim Five again restates his argument that the 1993 California conviction was not final for purposes of mandatory minimum sentencing.  Petitioner objects to the imposition of the statute of limitations designated by Section 851(e) to challenging the 1993 conviction; however, Petitioner characterizes his objection as not one regarding the validity of the conviction, but its finality.[20]  (Docket #1855 at 35.)  Petitioner cites *United States v. Geer*, 320 F. Supp. 2d 1335 (S.D. Fla. 2004) in support of this contention.  Petitioner asserts that *Geer* stands for the proposition that "a [defendant] is similarly not barred by 21 U.S.C. sec. 851(e) from challenging factual allegations raised by the prosecution regarding his prior convictions, so long as those factual allegations were

---

[20]Section 851(e) of 21 U.S.C. bars a defendant from challenging the validity of a prior felony conviction relied upon by the sentencing court in determining the mandatory minimum sentence if such conviction "occurred more than five years before the date of the information alleging such prior conviction."

distinct from the validity of the conviction itself." (Docket #1855 at 35.)

In *Geer*, the defendant contested whether the two prior convictions relied upon in his sentencing pursuant to Section 841(b)(1)(A) actually constituted not two convictions but *one* prior conviction arising out of the same criminal activity. The two prior convictions became final in 1991, outside of the limitations period set from August 25, 2003, when the government filed the information in that matter. *Geer*, 320 F. Supp. 2d at 1343. Thus, the *Geer* defendant did not challenge the finality of the prior convictions, but whether the two convictions should count as one for the purposes of mandatory minimum sentencing. Directly contrary to the argument Petitioner presents here, the *Geer* Court stated that because defendant Geer's "prior convictions both became final in 1991 . . . Defendant Geer is barred from challenging the validity of either of his prior convictions." 320 F. Supp. 2d at 1343. Such reasoning extends to the matter at hand. Petitioner contests the finality of the 1993 conviction, but finality, following the logic of the *Geer* Court as a persuasive jurisdiction, directly addresses the validity of the prior conviction and is therefore precluded from challenge by Section 851(e).

Petitioner also relies on *United States v. Harris*, 369 F.3d 1157 (10th Cir. 2004). This precedent prompts no different result. In *Harris*, like *Geer*, the defendant contested whether the two convictions relied on by the sentencing court should be considered one for purposes of sentencing. 369 F.3d at 1167-68. Although the *Harris* Court recognized that Section 851(e) does not preclude the defendant's argument, the *Harris* defendant raised no objection regarding the finality or validity of the convictions, as Petitioner attempts to do in this case. The *Harris* Court, also like the *Geer* Court, equivocated a challenge to the finality of a conviction as a challenge to the validity of the conviction, which is expressly precluded by the statute of limitations provision in Section 851(e). *Id*. Here, Petitioner simply reiterates his assertions that the 1993 conviction was not a felony drug

conviction, nor was it final.  Both arguments challenge the validity of the conviction itself and are therefore barred by the Section 851(e) statute of limitations.  Thus, Petitioner's Claim Five lacks merit and should be DENIED.

## VI.     Conclusion

After reviewing the merits of Petitioner's five claims for the purpose of evaluating cause and prejudice based on Petitioner's contention of ineffective assistance of appellate counsel, the Court finds all five claims raised by Petitioner lack merit.  Petitioner fails to demonstrate the cause and prejudice required to excuse procedural default.  In any event, as demonstrated herein, Petitioner's five claims are meritless, and the sentence imposed by the District Court should be upheld.

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Petitioner Christopher Holyfield's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [filed September 22, 2008; docket #1854] be **DENIED**.

Dated at Denver, Colorado, this 1st day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge