IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02039-MSK
Criminal Action No. 00-cr-00439-MSK-MEH-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.    CHRISTOPHER HOLYFIELD,

    Defendant.

## OPINION AND ORDER OVERRULING OBJECTIONS AND
## ADOPTING RECOMMENDATION

**THIS MATTER** comes before the Court pursuant to Defendant Christopher Holyfield's Objections (**#1893**) to United States Magistrate Judge Michael E. Hegarty's October 1, 2009 Recommendation (**#1892**) that Mr. Holyfield's motion to vacate, set aside, or correct his sentence (**#1854**) under 28 U.S.C. § 2255 be denied; and Mr. Holyfield's motion to amend (**#1897**).

In summary, Mr. Holyfield was convicted by a jury in the United States District Court for the District of Colorado of conspiring to distribute and possessing with intent to distribute over fifty grams of cocaine base and over five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Because he had two prior felony convictions in California state court, a 1993 conviction in Superior Court, San Diego County, for transportation of a controlled substance and a 1998 conviction in Superior Court, Orange County, for possession of marijuana for sale, Mr. Holyfield was

sentenced to the mandatory minimum term of life in prison pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  The life sentence was affirmed on direct appeal.  *United States v. Holyfield*, 481 F.3d 1260 (10th Cir.), *cert. denied*, 552 U.S. 952 (2007).

Mr. Holyfield timely filed the § 2255 motion asserting five claims for relief, although there is substantial overlap among the claims.  Mr. Holyfield specifically claims that: (i) his 1993 and 1998 California state convictions do not qualify legally as statutory predicate felony drug convictions as required by the mandatory minimum sentencing provision in § 841; (ii) the district court's erroneous life sentence affected his substantial rights; (iii) he is actually innocent of the prerequisites for imposition of the mandatory minimum sentencing provision in § 841; (iv) he was denied the effective assistance of counsel on direct appeal; and (v) the district court erred in preventing him from challenging the legal effect of his 1993 California state conviction at sentencing.  The Magistrate Judge reviewed the merits of each of Mr. Holyfield's five claims for the purpose of evaluating whether Mr. Holyfield could demonstrate cause and prejudice for failing to raise them on direct appeal.  The Magistrate Judge concluded that all five claims lack merit.

Mr. Holyfield's specific objections encompass two issues: (i) the Magistrate Judge failed to address Mr. Holyfield's argument that his 1993 California state conviction does not constitute a prior felony conviction because it was treated as a misdemeanor conviction as evidenced by the sentence and terms imposed; and (ii) the Magistrate Judge mistakenly determined that Mr. Holyfield's 1998 California state conviction was final at the time of the commission of the instant offense.  Although Mr. Holyfield lists a third objection regarding his ineffective assistance of counsel claim, he

2

does not assert any specific argument in support of that objection and he concedes that the ineffective assistance of counsel claim is contingent on his objections regarding his 1993 and 1998 California state convictions.  Therefore, because the Court finds, for the reasons discussed below, that Mr. Holyfield's objections regarding his 1993 and 1998 California state convictions lack merit, the Court need not address any objection regarding the ineffective assistance of counsel claim.  Neither party objects to any other portion of the Recommendation and the Court adopts the remainder of the Recommendation for the reasons given.

In considering Mr. Holyfield's objections, the Court is mindful that Mr. Holyfield is a *pro se* litigant and, as such, his pleadings must be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In other words, if the Court reasonably can read the pleadings to state a valid claim on which Mr. Holyfield could prevail, it should do so despite a failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  *Hall*, 935 F.2d at 1110.  However, the requirement that the Court read Mr. Holyfield's pleadings broadly does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.  *Id*.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of the Recommendation *de novo*.

Mr. Holyfield first argues that his 1993 San Diego County conviction does not constitute a prior felony conviction under § 841 because the 1993 conviction was treated as a misdemeanor conviction as evidenced by the sentence and terms imposed. Mr. Holyfield specifically argues that, because he was sentenced in the San Diego

County case to probation, county jail time, community service, and to pay a fine and restitution, the California court "automatically rendered the offense a misdemeanor pursuant to Cal. Penal Code, Section 17(b)(1)." (**#1855** at 17.)

The Magistrate Judge determined that Mr. Holyfield could not attack the validity of his 1993 San Diego County conviction based on the statute of limitations in 21 U.S.C. § 851(e). Section 851(e) provides that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Mr. Holyfield contends that his argument regarding whether the 1993 conviction actually was a felony conviction, as opposed to a misdemeanor conviction, does not implicate the validity of the 1993 conviction and is not precluded by § 851(e).

It appears to the Court that Mr. Holyfield's challenge regarding the legal effect of his 1993 conviction does not implicate the validity of that conviction. *See United States v. Harris*, 369 F.3d 1157 (10th Cir. 2004). In *Harris*, the defendant argued that the district court erred in imposing a mandatory life sentence pursuant to § 841(b)(1)(A) because his two prior felony convictions were related and should have counted as only one prior felony conviction, which would not have triggered a mandatory life sentence. *Id.* at 1167-68. The Tenth Circuit determined that this argument did not challenge the validity of the prior convictions and was not precluded by § 851(e)). *Id.* at 1168; *see also United States v. Geer*, 320 F. Supp.2d 1335, 1343-44 (S.D. Fla. 2004) (stating that § 851(e) does not preclude challenges to the legal effect of prior convictions as long as defendant is not challenging the validity of the prior convictions). Mr. Holyfield similarly

4

does not challenge the fact that he was convicted in 1993 in the San Diego County case. Instead, he argues that the 1993 conviction is a misdemeanor conviction that does not constitute a prior felony offense under § 841(b)(1)(A). Pursuant to *Harris*, the Court finds that this argument is not precluded by § 851(e).

Under California law, "[a] felony is a crime which is punishable with death or by imprisonment in the state prison" and "[e]very other crime or public offense is a misdemeanor except those offenses that are classified as infractions." Cal. Penal Code § 17(a). Section 17(b)(1) of the California Penal Code deals with so-called "wobbler" offenses that may be punished either as a felony or a misdemeanor. *See*, generally, *Ewing v. California*, 538 U.S. 11, 16, 123 S.Ct. 1179 (2003)(discussing offenses that may be classified either as felonies or misdemeanors under California law). *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003) (discussing the California "wobbler" statute). Under section 17(b)(1), "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes . . . [a]fter a judgment imposing a punishment other than imprisonment in the state prison." Mr. Holyfield argues that the sentence imposed in the San Diego County case "automatically rendered the offense a misdemeanor pursuant to Cal. Penal Code, Section 17(b)(1)." (**#1855** at 17.)

Mr. Holyfield's argument misses the mark because the statute he was convicted of violating in that case, § 11352 of the California Health and Safety Code, is not a "wobbler" offense because it cannot be punished as either a felony or a misdemeanor.

> (a) Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport,

5

> import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for three, four, or five years.
>
> (b) Notwithstanding the penalty provisions of subdivision (a), any person who transports for sale any controlled substances specified in subdivision (a) within this state from one county to another noncontiguous county shall be punished by imprisonment in the state prison for three, six, or nine years.

Cal. Health & Safety Code § 11352. The plain language of this statute provides that the only punishment is imprisonment in state prison. This makes the offense a felony. This plain reading of the statute comports with the testimony of Deputy District Attorney Ann Barber from the San Diego District Attorney's Office at a September 29, 2004 hearing pursuant to 21 U.S.C. § 851 in this action. Ms. Barber testified that Mr. Holyfield was not charged with a "wobbler" offense because § 11352 of the California Health and Safety Code is a straight felony for which no misdemeanor penalty could be imposed. (*See* **#1858-3** at 40-41.)

Mr. Holyfield's secondary argument that he pled guilty to unlawful possession of a controlled substance in violation of § 11350 of the California Health & Safety Code, which is a "wobbler" offense, is contradicted by documents Mr. Holyfield himself has submitted with the § 2255 motion. (*See* **#1854-1** at 2 & **#1854-2** at 2.) Ms. Barber also

testified that Mr. Holyfield entered a guilty plea in the 1993 case to a felony offense in violation of § 11352 of the California Health and Safety Code.  (*See* **#1858-3** at 18.)

Mr. Holyfield final argument with regard to his 1993 conviction is that it could not be a felony because he was sentenced to summary probation in that case and summary probation is only authorized in misdemeanor cases.  Mr. Holyfield relies on California Penal Code § 1203(a) and *People v. Glee*, 82 Cal. App.4th 99 (Cal. App. 2000), in support of this argument.  The court in *Glee* cited Cal. Penal Code § 1203(a) for the propositions that "[a] grant of informal or summary probation is a 'conditional sentence'" and that "[c]onditional sentences are authorized only in misdemeanor cases."  *Glee*, 82 Cal. App.4th at 104.  However, *Glee* is distinguishable from this matter because it involved a "wobbler" offense, which is not the subject of the conviction here.  The characterization of a California offense in accordance with the sentence imposed applies only to "wobbler" offenses – those where the statute allows the offense to be punished either as a felony or misdemeanor.  As noted above, § 11352 of the California Health and Safety Code is not a "wobbler" offense and therefore the penalty imposed does not change its character as a felony.

Accordingly, the Court rejects[1] Mr. Holyfield's arguments that his 1993 conviction was not a felony offense.  Mr. Holyfield's first objection is overruled.

Mr. Holyfield next objects to the Magistrate Judge's conclusion that Mr. Holyfield's 1998 California state conviction in case number 97-CF-1134 was final at the

---

[1] The Magistrate Judge rejected this argument on other grounds, but the Court agrees with the ultimate conclusion.

time of the commission of the instant offense.[2]  Mr. Holyfield contends that his 1998 conviction was not final because no judgment of conviction had been entered in case number 97-CF-1134 at the time of the instant federal offense.  In the Motion to Amend filed on September 15, 2010, Mr. Holyfield seeks to amend this claim by submitting a copy of a minute order entered in case number 97-CF-1134 that indicates Mr. Holyfield's probation was terminated and he was sentenced to prison in that case on August 12, 2010.  The Motion to Amend is granted and the Court considers the additional evidence submitted by Mr. Holyfield.

The Magistrate Judge cited *United States v. Short*, 947 F.2d 1445, 1460 (10th Cir. 1991), for the proposition that federal law, as opposed to state law, governs the determination of what is a final conviction for purposes of sentencing under §841(b)(1)(A).  Furthermore, under *Short*, "a sentence is final for purposes of § 841 when the conviction is no longer subject to examination on direct appeal, or when reduction to a misdemeanor through the revocation of probation is no longer possible." *Short*, 947 F.2d at 1460 (citation omitted).  Mr. Holyfield has not asserted any argument regarding the latter part of this test.  Therefore, the only issue is when Mr. Holyfield's conviction no longer was subject to examination on direct appeal.

The Magistrate Judge specifically addressed this issue, a question that is informed by the California rules governing appeal in criminal matters.  Under California

---

[2]Mr. Holyfield's second objection is titled "Issue Regarding the Finality of Petitioner's Prior Convictions."  Although this title refers to plural "Convictions," Mr. Holyfield specifically discusses only the 1998 conviction in the second objection and that is how the Court will address the second objection.  To the extent Mr. Holyfield may be arguing that his 1993 conviction also was not a final conviction, the same logic discussed with respect to the 1998 conviction applies and demonstrates that the 1993 conviction was final at the time of the commission of the instant offense.

8

law, an appeal may be taken by a criminal defendant "[f]rom a final judgment of conviction" and "an order granting probation . . . shall be deemed to be a final judgment within the meaning of this section." Cal. Penal Code § 1237(a). The Magistrate Judge cited *People v. Ramirez*, 159 Cal. App.4th 1412, 1421 (Cal. App. 2008), for the proposition that "[a]n order granting probation and imposing sentence, the execution of which is suspended, is an appealable order." More specifically,

> when a court imposes sentence but suspends its execution at the time probation is granted, a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. If the defendant allows the time for appeal to lapse during the probationary period, the sentence becomes final and unappealable. This is so regardless of the fact the defendant will not serve the sentence unless the court revokes and terminates probation before the probationary period expires.

*Ramirez*, 159 Cal. App.4th at 1421 (citations omitted). Mr. Holyfield had sixty days to file a notice of appeal after the order suspending his sentence with respect to the 1998 conviction was entered, *see* Cal. R. Court 8.308(a)[3]. Thus the Magistrate Judge correctly concluded that the 1998 conviction became final on September 13, 1998. The Magistrate Judge further determined that Mr. Holyfield's 1998 California conviction properly was counted as a prior felony drug offense even though the 1998 conviction became final during the course of the conspiracy charged in his federal case. Mr. Holyfield does not object to this portion of the Magistrate Judge's recommendation.

Instead Mr. Holyfield argues that the Magistrate Judge erred in relying on *Short* because the issue of finality is controlled by the decisions of the United States Supreme

---

[3] At the time Mr. Holyfield was convicted, the sixty-day time limit for filing a notice of appeal was found in Rule 31(d). The rule was renumbered effective January 1, 2007.

Court in *Clay v. United States*, 537 U.S. 522 (2003), *Mitchell v. United States*, 526 U.S. 314 (1999), and *Mempa v. Rhay*, 389 U.S. 128 (1967). The Court rejects this argument because the Supreme Court cases cited by Mr. Holyfield do not address the finality of California convictions or contravene *Short* in any way.

In *Clay*, the Supreme Court held that a federal conviction is final for the purposes of the one-year limitation period in 28 U.S.C. § 2255 "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction" if no petition for writ of certiorari is filed. *Clay*, 537 U.S. at 525. In *Mitchell*, the Supreme Court considered "[t]wo questions relating to a criminal defendant's Fifth Amendment privilege against self-incrimination." *Mitchell*, 526 U.S. at 316. In rejecting the notion "that sentencing proceedings are not part of 'any criminal case'" as contrary to law, the Supreme Court stated that, "under the Federal Rules of Criminal Procedure, a court must impose sentence before a judgment of conviction can issue." *Id.* at 327. The question in *Mempa* involved "the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation." *Mempa*, 389 U.S. at 130. In addressing this question, the Supreme Court stated that "Washington law provides that an appeal in a case involving a plea of guilty followed by probation can only be taken after sentence is imposed following revocation of probation." *Id.* at 135. Of course, the timing of an appeal under Washington law is not relevant to the finality of Mr. Holyfield's prior California conviction. Therefore, the Court finds that the Supreme Court cases cited by Mr. Holyfield are not relevant and the Court rejects Mr. Holyfield's contention that the Magistrate Judge improperly relied on *Short*.

Mr. Holyfield also challenges the conclusion that his 1998 conviction was final for

the purposes of § 841(b)(1)(A) based on a statement in a Tenth Circuit case that "neither probation nor a suspended sentence is deemed to be a judgment imposing punishment under California law." *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1130 (10th Cir. 2006). In *Hernandez-Castillo*, the defendant pled guilty to illegally reentering the United States and his base offense under the Sentencing Guidelines was increased by sixteen points because of a prior California conviction for engaging in sexual intercourse with a minor. *Id.* at 1128. The earlier California conviction involved a "wobbler" offense and the defendant was sentenced to probation and a suspended sentence of imprisonment in county jail in the prior California case. *See id.* at 1130. The defendant appealed his sentence in his federal case "claiming that the district court erred in applying the sixteen-level upward adjustment because his previous California conviction was a misdemeanor, not a felony, and was not a crime of violence." *Id.* at 1129. The Tenth Circuit addressed the classification of the offense as a felony or a crime of violence. *See id.* at 1131. However, the Tenth Circuit in *Hernandez-Castillo* did not address the question of when a California felony conviction is final under federal law for the purposes of § 841(b)(1)(A). Therefore, Mr. Holyfield's reliance on *Hernandez-Castillo* is misplaced.

Finally, the fact that Mr. Holyfield's probation in case number 97-CF-1134 was terminated and he was sentenced to prison in that case in August 2010 does not alter the conclusion that Mr. Holyfield's 1998 conviction was final in September 1998, when the time to file a notice of appeal ripened. 159 Cal. App.4th at 1421. Therefore, Mr. Holyfield's second objection is also overruled.

## **CONCLUSION**

For the foregoing reasons, Mr. Holyfield's Objections (**#1893**) are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Recommendation (**#1892**). Mr. Holyfield's Motion to Amend (**#1897**) is **GRANTED**. Mr. Holyfiled's motion to vacate, set aside, or correct his sentence (**#1854**) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because Mr. Holyfield has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment in accordance herewith and close this civil action.

Dated this 6th day of April, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge