IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 00-cr-00439 (4)
Civil Action No. 17-cv-02989

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER HOLYFIELD,

    Defendant.
_____

**OPINION AND ORDER DENYING § 2255 PETITION**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Holyfield's Motion to Vacate **(# 1961)** his sentence pursuant to 28 U.S.C. § 2255, and the Government's response **(# 1966)**. Also pending is Mr. Holyfield's Motion to Appoint Counsel **(# 1960)**.

In 2003, a jury convicted Mr. Holyfield of possessing more than 5 kilograms of cocaine with the intent to distribute it. 21 U.S.C. § 841(a)(1), 846. Mr. Holyfield was sentenced in 2005. At the time, Mr. Holyfield had two prior felony convictions from California involving controlled substances: a 1993 conviction involving cocaine and a 1998 conviction involving marijuana. Because of these two prior convictions, Mr. Holyfied was subject to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1). Mr. Holyfield appealed his conviction and sentence, but the 10th Circuit affirmed in 2007. In 2008, Mr. Holyfield filed a § 2255 petition challenging, among other things, the findings that his California convictions were sufficient to trigger the mandatory life sentence provisions of 21 U.S.C. § 841(b)(1). In 2011, the Court denied **(# 1898)**

1

that petition. Mr. Holyfield appealed that denial, but in 2013, the 10th Circuit affirmed it **(#1923)**.

In 2016, the State of California adopted Proposition 64, which, among other things, allowed persons convicted of certain past marijuana offenses to apply to have their convictions reduced from felonies to misdemeanors. Mr. Holyfield applied for relief under Proposition 64, and on September 22, 2017, the California state courts granted him relief, reducing his 1998 marijuana conviction to a misdemeanor. Mr. Holyfield then filed the instant § 2255 Petition **(#1966)**, contending that his life sentence should be vacated and he should be resentenced under 21 U.S.C. § 841(b)(1) as if he had only one prior felony drug conviction.

In *U.S. v. Dyke*, 718 F.3d 1282, 1292 (10th Cir. 2013), a defendant subjected to a 20-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1) argued that his sentence should be reversed because the underlying state felony drug conviction had been expunged under state law prior to his federal sentencing. The 10th Circuit held that § 841(b)(1) concerned only "the historical fact of the conviction," and that subsequent modification of a conviction – via expungement or reduction pursuant to a deferred adjudication, for example – does not prevent a prior felony drug conviction from activating the provisions of § 841(b)(1). The Court explained that § 841(b)(1) is "aimed at punishing recidivism," and properly applies to individuals who, despite receiving a "fresh start" by having their prior conviction adjusted, nevertheless return to a life of crime. Thus, the court explained that "the question posed by § 841(b)(1)(A) is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside." 718 F.3d at 1292-93.

In *U.S. v. Perez*, 692 Fed.Appx. 502 (10th Cir. 2017), the 10th Circuit more recently applied the rule in *Dyke* to facts that are identical to those presented here. The defendant in *Perez* was sentenced to 120 months under § 841(b)(1)'s mandatory minimums due to a prior drug felony in California. The defendant later managed to have that felony reduced to a misdemeanor and petitioned under § 2255 to have her federal sentence vacated accordingly. The trial court denied her petition and the 10th Circuit denied a Certificate of Appealability, finding that "no reasonable jurist would debate the soundness to the trial court's decision." It explained that "[t]he state court's decision to reclassify her state felony as a misdemeanor . . . does not change that historical fact. *Id.* at 503, *citing Dyke*. *See also U.S. v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016) (same outcome on identical facts).

*Dyke* and *Perez* effectively resolve Mr. Holyfield's Petition. The question of whether a prior conviction triggers the mandatory minimums of 21 U.S.C. § 841(b)(1) is determined by the <u>historical</u> fact of the initial conviction, not by any subsequent re-characterizations of that conviction that might occur thereafter. Although Mr. Holyfield has recently received the benefits of a reclassification of his 1998 California conviction to a misdemeanor, as a matter of <u>historical</u> fact, that conviction was originally a felony. Thus, his mandatory life sentence under 21 U.S.C. § 841(b)(1) was properly imposed, regardless of California subsequently modifying one of his predicate convictions.

Accordingly, Mr. Holyfield's Petition **(# 1961)** is **DENIED**. Moreover, for the reasons set forth in *Perez*, the Court *sua sponte* denies a Certificate of Appealability under 28 U.S.C. § 2253(c). Because the Court cannot see how the assistance of counsel would assist Mr. Holyfield in avoiding the application of clearly-established law, and because there are no further proceedings to be had in this matter, Mr. Holyfield's Motion for Appointment of Counsel **(# 960)**

is **DENIED AS MOOT**. The Clerk of the Court shall close the civil case associated with this Petition.

Dated this 17th day of May, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge